Da Thi THACH, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 91–1586.

United States District Court, E.D. Pennsylvania.

March 30, 1994.

Sharon Gornstein, Community Legal Services, Inc., Philadelphia, for plaintiff.

Da Thi Thach, pro se.

Dorothea J. Lundelius, Sp. Asst. U.S. Atty., Health & Human Services—Region III, Philadelphia, PA, for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

This is a case involving an individual's right to supplemental security income ("SSI") benefits based her alleged disability under the Social Security Act. 42 U.S.C.A. § 1381 et seq. (West 1991). Plaintiff Da Thi Thach filed a claim against defendant Donna Shalala, Secretary of Health and Human Services (the "Secretary"), seeking a review of the Secretary's decision denying her claim for supplemental security income benefits.[1]

Currently before me are plaintiff's motion to amend her complaint (Document No. 13) and defendant's motion to remand this matter so the Secretary of Health and Human Services can take additional administrative action (Document No. 16). This Court has jurisdiction of plaintiff's claim pursuant to 42 U.S.C.A. § 405(g) (West Supp.1993). For the reasons stated below, I will grant plaintiff's motion and deny defendant's motion.

## I. BACKGROUND

This action is an appeal from a decision of the Secretary denying plaintiff's application for SSI benefits under the Social Security Act. On May 19, 1988, plaintiff filed her original application for SSI benefits claiming that she had been disabled since May 1987. Her application was denied administratively and she sought judicial review, filing a complaint in this Court on March 14, 1991. On January 8, 1992, pursuant to a stipulation of the parties, the case was remanded back to the Secretary for additional evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g), under which this Court retained jurisdiction of the case.[2] See Austin v. Shalala, 1994 WL 14576 at *1 (D.Kan. Jan. 14, 1994). On remand, the Secretary assigned plaintiff's case to ALJ Theodore Stephens to conduct a new hearing.

On June 16, 1993, following a new hearing, ALJ Stephens issued a decision denying plaintiff's claim that she was "disabled" as the term is defined in the Social Security Act, 42 U.S.C. § 1381 et seq.[3] This became the final decision of the Secretary on August 15, 1993, when the Appeals Council failed to take jurisdiction of the case. See 20 C.F.R. §§ 416.1484(b), (c) and (d), 404.984(b), (c) and (d); plaintiff's memorandum in support of her motion to amend complaint ("plaintiff's memorandum") at 2. On October 6, 1993, plaintiff filed a motion to amend her complaint and shortly, thereafter, defendant responded by filing a motion to remand.

## II. DISCUSSION

### A. Plaintiff's motion to amend complaint

Plaintiff has filed a motion for leave to amend her complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure with an attached copy of the proposed amended complaint. Rule 15(a) governs a plaintiff's motion for leave to amend a complaint. According to the Rule,

---

1. Plaintiff originally sued Louis Sullivan, who was Secretary in March 1991 when plaintiff filed her complaint.

2. The case was remanded to the Secretary for additional evidence, including a new hearing conducted with an approved interpreter. Plaintiff is Cambodian and does not speak English. At the first hearing, Administrative Law Judge ("ALJ") F. Michael Ahern did not have an approved interpreter present and plaintiff's son acted as an interpreter.

3. After plaintiff's first application for SSI benefits was rejected, she filed a second application. The second application was granted and plaintiff was awarded benefits based upon her mental disability effective January 1991. Plaintiff is currently receiving SSI benefits. Therefore, the only period at issue in this case is from May 19, 1988 through December 31, 1990.

[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). Here, defendant's responsive pleading has been served, so the inquiry focuses on the second sentence of the above provision.

■ Courts apply a liberal standard to motions filed pursuant to Rule 15(a) and, therefore, they look approvingly upon plaintiffs' requests to amend. *See United States v. Shaner*, 1992 WL 154572 at *2 (E.D.Pa. June 16, 1992). The Supreme Court has set forth the standard to be applied to a motion for leave to amend a complaint pursuant to Rule 15(a):

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to· be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "Beyond this standard, the decision to grant or deny leave to amend a complaint is [committed] to the sound discretion of the district court." *United States v. Diversified Environmental Groups, Inc.*, 1990 WL 209326 at *3 (E.D.Pa. Dec. 11, 1990); *see Newark Branch, NAACP v. Town of Harrison, New Jersey*, 907 F.2d 1408, 1417 (3d Cir.1990) ("courts have held that grants for leave to amend complaints should be routinely granted to plaintiffs").

■ In the instant case, plaintiff's proposed amended complaint seeks to add a claim that plaintiff has been denied a fair hearing in violation of federal statutes and her due process rights under the Fifth Amendment of the United States Constitution. According to plaintiff, she did not receive a fair hearing because "[a]lthough ALJ Stephens had an interpreter present at the administrative hearing, he did not permit the interpreter to provide a complete interpretation of the proceedings for Plaintiff, despite the urging of Plaintiff's counsel." Plaintiff's memorandum at 2. Plaintiff concludes that ALJ Stephens' conduct indicates that he is biased against disability claimants generally, and inclined to deny all disability applications.

Plaintiff raises these additional claims without undue delay. The facts upon which the allegations are based occurred from the time the hearing was held on September 15, 1992, through the issuance of ALJ Stephens' decision denying plaintiff's application for SSI benefits on June 16, 1993. Plaintiff filed this motion to amend her complaint on October 6, 1993. I find that plaintiff filed her amended complaint within a reasonable time after the occurrence of the events underlying plaintiff's new claims. Moreover, I hereby find that defendant will suffer no prejudice by permitting plaintiff to file this amended complaint because the facts that underlie both the new and the old allegations are based upon the same circumstance—the ALJs' procedures and findings.

Finally, defendant's only opposition to plaintiff's motion is unavailing. In defendant's motion to remand, she states that if "[d]efendant's motion to remand is granted, Plaintiff will, in effect, have received the relief to which she would be entitled if she were to prevail on her claim of bias; a new administrative hearing on the merits of her disability claim." Defendant's motion to remand ("defendant's motion") at 5. In essence, defendant argues that plaintiff's motion will be moot when defendant's motion is granted.

Defendant's reasoning is completely barren. First, defendant's motion for remand

will not be granted. Second, if remand is later required for the Secretary to make additional findings, the remand will be directed for additional fact-finding as to the issues specified by this Court, not necessarily upon the grounds defendant seeks. Accordingly, because I find that plaintiff's motion for leave to amend her complaint is timely, and that defendant will not suffer prejudice from the filing of the amended complaint, plaintiff's motion shall be granted.

## B. Defendant's motion to remand

■ The Secretary seeks remand of this case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). That section provides *inter alia* that, "[t]he court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary . . ." 42 U.S.C. § 405(g). The Secretary seeks a remand because the Appeals Council has concluded that additional administrative proceedings are necessary to acquire evidence regarding plaintiff's mental impairment.[4] The Secretary asserts that ALJ Stephens did not consider the necessary evidence when determining whether plaintiff's medical condition constituted a disability.

The Secretary has proffered merely one paragraph to demonstrate that "good cause" exists to remand this case. Defendant states that additional information must be obtained from plaintiff's treating sources regarding her mental impairment because it is likely that these sources could provide relevant medical information regarding the time period at issue in this case. Moreover, the defendant claims that the Appeals Council believes that testimony should be obtained from a medical advisor because "the record contains no clear medical evidence relating to

Plaintiff's mental impairment during the time period at issue" and a medical advisor should be consulted. Defendant's motion at 3. Finally, the Secretary asserts that the plaintiff should be tested for toxicity because the previous consultative examiner noted that plaintiff had been taking numerous medications which may have had a toxic effect on plaintiff.

Plaintiff responds that a remand is not necessary because the administrative record established after the first remand from this Court fully supports a finding of disability. According to plaintiff, a remand would just further delay the case and not serve the interests of justice. Plaintiff has supported this assertion with a lengthy opposition to defendant's motion, which includes supporting documents.

Plaintiff's opposition to defendant's motion to remand ("Plaintiff's opp.") addresses each of defendant's bases for remand in detail. First, plaintiff claims that additional information from plaintiff's treating sources regarding her mental impairment is not necessary to decide her claim. According to plaintiff, it was fully established on remand that plaintiff received no psychiatric or psychological treatment at any time during the period at issue here.[5]

In addition, plaintiff claims that ALJ Stephens fully investigated whether any previous treating physicians had additional information to provide concerning plaintiff's mental status. Plaintiff states that, "[l]etters were sent to Ms. Thach's doctors in Virginia, where she lived immediately prior to moving to Philadelphia; no records were forthcoming to these inquiries. Thus, the Secretary is wrong in postulating that 'it is likely that these sources could provide relevant medical information regarding the time period at issue.' "[6]

---

4. Defendant has not explained under which regulation the Appeals Council seeks to review this case, *e.g.*, 20 C.F.R. §§ 416.1469, 416.1484, 416.-1488, etc.

5. Plaintiff argues that the first time psychotropic medication was prescribed for plaintiff was in August 1990, at approximately the end of the period for which plaintiff seeks benefits. Plaintiff asserts that because the doctor who prescribed psychotropic medication to her in August

1990 is not a psychiatrist or a psychologist, it serves no purpose to ask him to speculate about whether plaintiff's mental impairment dated back to May 1988. Defendant did not file a response.

6. Plaintiff also contends that testing for toxic effects of plaintiff's medications is useless. According to plaintiff, she was not taking psychotropic medication for the majority of the time period at issue and a test conducted in 1994

Finally, plaintiff argues that it is not necessary to remand this matter to enable an ALJ to consult with a medical advisor regarding Ms. Thach's mental impairment since May 1988. Plaintiff claims that the record "fully supports [a finding that she was mentally impaired] already." Plaintiff's opp. at 4. According to plaintiff, a report from consultative psychologist Dr. Marjorie Clos, dated April 23, 1991, diagnosed that Ms. Thach has a psychotic disorder and that "[s]he has been this way, depressed, anxious, having insomnia and anorexia, since 1987." *Id.; see* plaintiff's opp., Exhibit 2 at 3. Plaintiff concludes that two administrative hearings have already been held where a medical advisor could have been consulted and "the Secretary should not be permitted to further delay Ms. Thach's case now by getting a third opportunity to consult a medical advisor." Plaintiff's opp. at 4.

Although I recognize that the Secretary is in a far better position to determine whether the evidence she seeks is necessary to adequately assess plaintiff's claims, she still must present enough information to establish that good cause exists to remand this case. In the face of plaintiff's contentions and evidence to the contrary, the Secretary must do more than simply state that additional evidence is necessary to fully evaluate plaintiff's claim for disability benefits.

Here, the defendant has only offered conclusory remarks, and little substance. The Secretary states, "the record contains no clear medical evidence relating to Plaintiff's mental impairment during the time period at issue." Defendant's motion at 3. The Secretary has not, however, presented a copy of the administrative record from the hearing conducted by ALJ Stephens, nor cited to any evidence to support her claim above. Moreover, the Secretary has not even offered any proof or argument to contradict plaintiff's claims that the record contains information, such as a doctor's report, that suggests that

plaintiff suffered from a mental impairment from 1987 to 1991.

Simply, the Secretary has provided no basis to grant her motion to remand. Plaintiff filed her original application for SSI benefits in May 1988. After approximately six years, two administrative hearings and one remand, the Secretary seeks yet another remand. As plaintiff notes, a remand would just further delay this matter. The Secretary proffers just one paragraph consisting of cursory statements to justify a decision to remand this matter. I find that the Secretary must present some information, e.g. facts, evidence, exhibits, affidavits, etc., to establish that good cause exists to remand. The Secretary's failure to adequately support her motion has been made even more egregious by the plaintiff's effort to rebut each and every point the Secretary tendered. Accordingly, I conclude that the Secretary has not demonstrated that good cause exists to remand this matter for additional administrative proceedings. To decide otherwise, would make the "good cause" requirement in 42 U.S.C. § 405(g) a mere formality.[7]

### III. *CONCLUSION*

For the foregoing reasons, and upon consideration of the motions, responses, and the documents and affidavits attached thereto, the motion of plaintiff Da Thi Thach for leave to amend her complaint pursuant to Fed. R.Civ.P. 15(a) shall be granted and the motion of defendant Donna Shalala, Secretary of Health and Human Services, to remand shall be denied.

An appropriate Order follows.

### *ORDER*

AND NOW, this 30th day of March 1994, upon consideration of the motion of plaintiff Da Thi Thach for leave to amend her complaint pursuant to Fed.R.Civ.P. 15(a) (Document No. 13) and the response thereto, and for the reasons stated in the attached memo-

---

would not be relevant to determine the effect her medications may have had on her four to six years ago.

7. I am completely aware that if I later determine that the record is deficient regarding the issue of

"disability," I may have to remand this matter anyway. If that is the result, a remand will be ordered only after I have determined, based upon *adequate* information, that a remand is necessary.

302

randum, it is hereby ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that, upon consideration of the motion of defendant Donna Shalala, Secretary of Health and Human Services, to remand this matter so the Secretary of Health and Human Services can take additional administrative action (Document No. 16), and the response thereto, and for the reasons stated in the attached memorandum, defendant's motion is DENIED.

IT IS FURTHER ORDERED that plaintiff shall file her amended complaint in the form attached to her motion no later than April 15, 1994. Moreover, the parties shall comply with the following:

(1) Plaintiff shall cause the amended complaint to be served upon the defendant within ten (10) days of the filing of the amended complaint.

(2) Defendant shall serve and file an answer, together with a certified copy of the transcript of the administrative record, within sixty (60) days of service of the amended complaint.

(3) Plaintiff shall serve and file a motion for summary judgment and brief supporting plaintiff's petition for review within forty-five (45) days of service of defendant's answer.

(4) Defendant shall serve and file a cross-motion for summary judgment and brief within thirty (30) days of service of plaintiff's brief.

(5) Plaintiff may serve and file a reply within fifteen (15) days after service of defendant's brief.

(6) The matter shall be deemed submitted, without hearing, fifteen (15) days after the filing of defendant's opposition, unless otherwise ordered by this Court.

(7) No extensions of time will be permitted without order of this Court.

(8) This Order shall supersede the March 14, 1991 Procedural Order and the amendments thereto.